Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MURRIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEUTRON HOLDINGS, INC. d/b/a LIME, and DOES 1-10,<br><br>Defendant(s). | Case No. 3:24-cv-1259<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violations of Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*;<br>2. Violations of California Business and Professions Code § 17200, *et seq.*;<br>3. Violations of California Business and Professions code § 17600, *et seq.* |

Plaintiff JOHN MURRIN ("Plaintiff"), on behalf of himself and all others similarly situated, allege the following against Defendant NEUTRON HOLDINGS, INC. upon information and belief based upon personal knowledge:

# INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and the California Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS").

2. Plaintiff, individually, and on behalf of all others similarly situated, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Additionally, Defendant failed to properly inform consumers of its autorenewal terms, thereby violating Cal. Bus. & Prof. Code § 17600 *et. seq*. Defendant fails to clearly and conspicuously disclose the terms of its autorenewal and additionally conditions its purchase on an illegal "negative option" as defined by 15 U.S.C. § 8403.

3. Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

# JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 in that this matter arises under a federal statute, namely the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* Moreover, Plaintiff's claims under California state law are so related to his claims under the Electronic Funds Transfer Act that they are part of the same case or controversy.

5. Venue in this Court is proper because Defendant maintains its principal place of business within this judicial district.

## PARTIES

6. Plaintiff, JOHN MURRIN ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

7. At all relevant times herein, Defendant, NEUTRON HOLDINGS, INC. ("Defendant"), was a Delaware company with its principal place of business in San Francisco, California, engaged in the business of renting out scooters to consumers, including those in California such as Plaintiff.

8. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

///

## FACTUAL ALLEGATIONS

10. In or around 2017, Plaintiff downloaded Defendant's app and rented a scooter.

11. After that time, Plaintiff never again used Defendant's app and never rented another scooter or bike from Defendant.

12. Despite this, beginning in or around June of 2023, Defendant began debiting Plaintiff's checking account for various charges, including, but not limited to, a $6.60 monthly membership fee.

13. At no time did Defendant disclose to Plaintiff that it would debit Plaintiff's account for these amounts. Moreover, at no time did Plaintiff authorize Defendant to debit his checking account.

14. Plaintiff has contacted Defendant on numerous occasions to ask Defendant to stop charging him without his permission.

15. Defendant, however, continues to debit Plaintiff's account.

16. Plaintiff cancelled his debit card with his bank in hopes that doing so would stop Defendant from charging him.

17. However, Defendant continued to directly debit Plaintiff's checking account.

18. Plaintiff has changed his account information in Defendant's app, yet Defendant continues to charge Plaintiff these recurring monthly charges, among other charges.

19. When Plaintiff tried to cancel the recurring payments, he called Defendant multiple times for multiple charges and was told each time that he called that Plaintiff should submit the evidence of the erroneous charges via email to Defendant, and the response back from Defendant to Plaintiff was that Plaintiff did not have an active account thus Plaintiff could not receive a refund.

20. Defendant did not send any additional correspondence to Plaintiff

confirming the written terms of any auto-withdrawal or further explanation.

21. Pursuant to 15 U.S. Code § 8403, it is unlawful to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature unless the "text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information," "obtains a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction;" and "provides simple mechanisms for a consumer to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account."

22. Defendant's billing scheme as described herein failed to satisfy all three prongs, any of which is fatal and unlawful. At no time did Defendant inform Plaintiff and those similarly situated that it would assess recurring monthly charges to their checking accounts. Accordingly, Defendant failed to obtain a consumer's express informed consent to make such charges. Further, while Defendant accepted transactions through the Internet, Defendant has not honored requests to cancel such recurring charges in any form.

23. Because Defendant failed to conspicuously disclose all material terms, it also failed to obtain Plaintiff's express informed consent for the recurring electronic fund transfers it thereafter made.

24. Further, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments.

25. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

26. Plaintiff alleges such activity to be in violation of California's

Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS"), and its surrounding regulations.

27. At all times relevant, Defendant made and continues to make automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute") to Plaintiff and other consumers similarly situated.

28. Defendant failed to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, as defined by California's Automatic Purchase Renewal Statute, before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

29. Defendant charged Plaintiff for an automatic renewal offer without first obtaining Plaintiff's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

30. Further, Defendant never provided Plaintiff with information regarding how to cancel in a manner that was capable of being retained by Plaintiff. Defendant has refused to honor Plaintiff's requests that it stop charging him.

31. On information and belief, Plaintiff alleges that Defendant's policy and practice is to engage in illegal and deceptive billing practices to unfairly surprise consumers with numerous recurring transactions.

32. The material circumstances surrounding this experience by Plaintiff were the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members were required to pay, and did pay, money for the services marketed and sold by Defendant.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and all others similarly situated, as members of two proposed classes (jointly "The Classes"). The first

Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

34. The second Class (hereafter "the CAPRS Class") is defined as follows:

> All persons in California who were charged on a reoccurring basis by Defendant without Defendant providing clear and conspicuous notice of the recurring charges, including information on how to cancel Defendant's services within the four years prior to the filing of this Complaint.

35. Plaintiff represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

36. Plaintiff represents, and is a member of The CAPRS Class, consisting of all persons in California whose bank accounts were debited on a reoccurring basis by Defendant without Defendant providing clear and conspicuous notice of the charges, including information on how to cancel Defendant's services within the four years prior to the filing of this Complaint.

37. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Classes are so numerous that the individual joinder of all of their

members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe and thereon allege that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

39. This suit is properly maintainable as a class action because the Classes are so numerous that joinder of the Classes members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

40. There are questions of law and fact common to the EFTA Class affecting the parties to be represented. The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

    a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

    b. Defendant did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

    c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

    d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

41. There are questions of law and fact common to the CAPRS Class affecting the parties to be represented. The questions of law and fact to the CAPRS

Class predominate over questions which may affect individual CAPRS Class members and include, but are not necessarily limited to, the following:

    a. Whether Defendant failed to clearly and conspicuously disclose the terms of its auto-renewal charges prior to making such charges to Class members' cards;

    b. Whether Defendant failed to obtain informed express consent for such charges;

    c. Whether Defendant filed to provide a simple method by which Class members could cancel their auto-withdrawals; and

    d. Whether Defendant failed to provide information to Plaintiff and Class Members regarding how to cancel in a manner that is capable of being retained by the consumer.

42. As a person whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Classes.

43. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

44. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same

complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

45. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

46. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I:
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## ON BEHALF OF THE EFTA CLASS

47. Plaintiff reincorporates by reference all of the preceding paragraphs.

48. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

49. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

50. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

51. Section 205.10(b) of the Federal Reserve Board's Official Staff

Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

52. Defendant debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers for the rates charged from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

53. Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## COUNT II:
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17600
## INDIVIDUALLY AND ON BEHALF OF THE CARPS CLASS

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. California Business & Professions Code § 17602 prohibits a defendant from failing to present "the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled."

56. Moreover, it is unlawful to "Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement."

57. By engaging in the conduct as described above, Defendant has violated the prohibitions placed on business making automatic renewal offers by California Business & Professions Code § 17602.

## COUNT III:
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 INDIVIDUALLY AND ON BEHALF OF THE CAPRS CLASS

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

60. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially

injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

61. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

62. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the CAPRS Class. Plaintiff and members of the CAPRS Class have suffered injury in fact due to Defendant's charging auto-renewal charges without clearly and conspicuously disclosing such charges or obtaining consent. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the CAPRS Class.

63. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant converted large sums of money from Plaintiff and CAPRS Class members without clear and conspicuous notice or obtaining express informed consent. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the members of the CAPRS Class is not outweighed by any countervailing benefits to consumers.

64. Finally, the injury suffered by Plaintiff and members of the CAPRS Class is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiff and other consumers, and these

consumers suffered injury in fact due to Defendant's unexpected autowithdrawals. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the CAPRS Class members. Therefore, the injury suffered by Plaintiff and members of the CAPRS Class is not an injury which these consumers could reasonably have avoided.

65. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

66. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

67. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

68. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant had a duty to clearly and conspicuously disclose its automatic renewal terms, failed to do so, and misappropriated significant sums of money from Plaintiff and CAPRS Class members, who reasonably relied on Defendant's advertising practices which emphasized the "free trial" nature of the transaction, causing considerable actual damages.

69. Plaintiff's reliance is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

CLASS ACTION COMPLAINT
-14-

70. Defendant's practices is an unfair, unlawful and fraudulent bait and switch scheme.

71. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

72. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

73. As explained above, Defendant deceived Plaintiff and other Class Members by deducting unauthorized sums from their accounts under a negative option scheme.

74. As explained above, such conduct constitutes an unlawful act under Cal. Bus. & Prof. Code § 17600, et seq., 15 U.S. Code § 8403, and EFTA.

75. Defendant's acts are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq..

76. Defendant's conduct caused and continues to cause economic harm to Plaintiff and CAPRS Class Members.

## TRIAL BY JURY

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN MURRIN individually, and on behalf of all others similarly situated, respectfully request judgment be entered against Defendant, for the following:

    e. That this action be certified as a class action on behalf of The Classes and Plaintiffs be appointed as the representative of The Classes;

    f. Statutory damages of $1,000.00, per EFTA Class Member,

pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

g. Actual damages;

h. Restitution of the funds improperly obtained by Defendant;

i. Any and all statutory enhanced damages;

j. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

k. For equitable and injunctive and pursuant to California Business and Professions Code § 17203 and Cal. Civ. C. § 1780 et. al.;

l. For prejudgment interest at the legal rate; and

m. Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 1st Day of March, 2024.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff